# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Patrick Edward Wilcock,<br><br>    Petitioner<br><br>v.<br><br>Jo Gentry, et al.,<br><br>    Respondents | 2:17-cv-02101-JAD-CWH<br><br>**Scheduling Order** |

On December 11, 2017, I granted then-pro se petitioner Patrick Wilock's motion for appointment of counsel.[1] Megan Hoffman of the Federal Public Defender's Office has now appeared on behalf of Wilcock,[2] so I take this opportunity to set the schedule for further proceedings.

Accordingly, IT IS HEREBY ORDERED that Hoffman must meet with Wilock as soon as reasonably possible, if counsel has not already done so, to: (a) review the procedures applicable in cases under 28 U.S.C. § 2254; (b) discuss and explore with Wilock, as fully as possible, the potential grounds for habeas corpus relief in his case; and (c) advise Wilcock that all possible grounds for habeas corpus relief must be raised at this time in this action and that the failure to do so will likely result in any omitted grounds being barred from future review.

IT IS FURTHER ORDERED that **Wilcock has until April 11, 2018, to FILE and SERVE on respondents an amended petition for a writ of habeas corpus** that includes all known grounds for relief (both exhausted and unexhausted).

IT IS FURTHER ORDERED that respondents will have **45 days after service of an amended petition to answer or otherwise respond to it.** If Wilcock does not file an amended petition, respondents will have until May 28, 2018, to answer or otherwise respond to it. Any

---

[1] ECF No. 7.

[2] ECF No. 10.

response filed must comply with Habeas Rule 5 as outlined below.

IT IS FURTHER ORDERED that any procedural defenses raised by respondents in this case must be raised together in a single, consolidated motion to dismiss. Successive motions to dismiss will not be entertained. Procedural defenses omitted from the motion to dismiss may be waived. Respondents may not file a response that consolidates their procedural defenses, if any, with their response on the merits, except as allowed under 28 U.S.C. § 2254(b)(2) regarding any unexhausted claims that clearly lack merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they must do so within the single motion to dismiss, not in the answer; and (b) they must specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*.[3] In short, no procedural defenses, including exhaustion, may be included in an answer on the merits. All procedural defenses, including exhaustion, must instead be raised in a single motion to dismiss.

IT IS FURTHER ORDERED that, in any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state-court-record materials, if any, regarding each claim within the response as to that claim.

IT IS FURTHER ORDERED that Wilcock will have 45 days from service of the answer, motion to dismiss, or other response to reply. Any other motions for relief will be governed by the local rules' briefing schedule.

IT IS FURTHER ORDERED that the parties must file any state-court-record exhibits with an index of exhibits identifying the exhibits by number or letter. The CM/ECF attachments that are filed must also be identified by the number or letter of the exhibit in the attachment.

IT IS FURTHER ORDERED that the parties must **SEND courtesy copies of all exhibits—preexisting and newly added—to this court's RENO division**. Courtesy copies

---

[3] *Cassett v. Stewart*, 406 F.3d 614, 623–24 (9th Cir. 2005).

must be mailed to the **Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney"** on the mailing address label.

DATED: January 10, 2018.

_____
Jennifer A. Dorsey
United States District Judge