# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Patrick Edward Wilcock, | Case No.: 2:17-cv-02101-JAD-CWH |
| Petitioner | |
| v. | **Order Granting Motion to Stay and Abey Proceedings** |
| Jo Gentry, et al., | [ECF No. 30] |
| Respondents | |

Patrick Edward Wilcock petitions under 28 U.S.C. § 2254 for habeas corpus relief from his state-court conviction for first-degree murder, burglary with a deadly weapon, robbery, possession of stolen property, and two deadly weapon enhancements. Wilcock moves for a stay under *Rhines v. Weber* to allow him to return to state court to exhaust various grounds for relief.[1] Respondents do not oppose the request.[2] I grant the motion and stay this case pending Wilcock's exhaustion of state-court proceedings.

## Discussion

In *Rhines v. Weber*,[3] the United States Supreme Court limited the district courts' discretion to allow habeas petitioners to return to state court to exhaust claims. When a petitioner pleads both exhausted and unexhausted claims—known as a mixed petition—the district court may stay the petition to allow the petitioner to return to state court to exhaust the

---

[1] ECF No. 30.
[2] ECF No. 31.
[3] *Rhines v. Weber*, 544 U.S. 269 (2005).

unexhausted ones only if: (1) the habeas petitioner has good cause; (2) the unexhausted claims are potentially meritorious; and (3) petitioner has not engaged in dilatory litigation tactics.[4] "[G]ood cause turns on whether the petitioner can set forth a reasonable excuse, supported by sufficient evidence, to justify [the failure to exhaust a claim in state court]."[5] "While a bald assertion cannot amount to a showing of good cause, a reasonable excuse, supported by evidence to justify a petitioner's failure to exhaust, will."[6] The Supreme Court's opinion in *Pace v. DiGuglielmo*,[7] suggests that this standard is not particularly stringent, as the High Court held that "[a] petitioner's reasonable confusion about whether a state filing would be timely will ordinarily constitute 'good cause' to excuse his failure to exhaust."[8]

Wilcock meets the standard for a *Rhines* stay. He explains that he is currently pursuing *Brady* claims in state court related to the state's alleged suppression of favorable and material evidence regarding the state's key witness against him.[9] While respondents do not waive any defenses to Wilcock's second-amended petition, they indicate that they do not oppose the motion for stay.[10] Especially in light of respondents' non-opposition, I find that a *Rhines* stay is warranted, and I grant it.

---

[4] *Id.* at 277; *Gonzalez v. Wong*, 667 F.3d 965, 977–80 (9th Cir. 2011).
[5] *Blake v. Baker*, 745 F.3d 977, 982 (9th Cir. 2014).
[6] *Id.*
[7] *Pace v. DiGuglielmo*, 544 U.S. 408 (2005).
[8] *Pace*, 544 U.S. at 416 (citing *Rhines*, 544 U.S. at 278). *See also Jackson v. Roe*, 425 F.3d 654, 661–62 (9th Cir. 2005) (the application of an "extraordinary circumstances" standard does not comport with the "good cause" standard prescribed by *Rhines*).
[9] ECF No. 30.
[10] ECF No. 31.

IT IS THEREFORE ORDERED that petitioner's motion for issuance of stay and abeyance[11] of this federal habeas corpus proceeding **[ECF No. 30] is GRANTED**.

IT IS FURTHER ORDERED that **this action is STAYED** pending final resolution of petitioner's postconviction habeas petition. Petitioner must return to federal court with a motion to reopen this case within 45 days of the issuance of the remittitur by the Supreme Court of Nevada at the conclusion of the state-court proceedings on his postconviction habeas petition.

IT IS FURTHER ORDERED that the Clerk is directed to **ADMINISTRATIVELY CLOSE** this action.

Dated: June 4, 2019

_____
U.S. District Judge Jennifer A. Dorsey

---

[11] ECF No. 30