# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

Patrick Edward Wilcock,

    Petitioner

v.

Jo Gentry, et al.,

    Respondents

Case No.: 2:17-cv-02101-JAD-CWH

**Order Granting Motion
to Reopen Case**

    In June 2019, I granted 28 U.S.C. § 2254's habeas petitioner Patrick Edward Wilcock's unopposed motion for a *Rhines v. Weber* stay and administratively closed this case.[1] Wilcock's further state-court proceedings have now concluded, so he moves to reopen this case and file a third-amended petition.[2] Good cause appearing, I grant those requests.

    IT IS THEREFORE ORDERED that petitioner's motion to reopen this action **[ECF No. 40] is GRANTED.**

    IT IS FURTHER ORDERED that **the stay is lifted** and **the Clerk of Court is directed to:**

- **REOPEN** this case.
- **DETACH** and **FILE** the third-amended petition (ECF No. 42-1).
- And **ASSIGN A DIFFERENT MAGISTRATE JUDGE** to this matter.

    IT IS FURTHER ORDERED that respondents have until January 11, 2022, to file a response to the third-amended petition. Petitioner will then have 45 days from service of an

---

[1] ECF No. 32.
[2] ECF No. 40.

answer, motion to dismiss, or other response to file a reply or opposition. Any other motions will be subject to the normal briefing schedule under the local rules.

If respondents file a response to the petition, they must comply with Habeas Rule 5. Additionally:

1. Any procedural defenses raised by respondents in this case be raised together in a single consolidated motion to dismiss. In other words, the court does not wish to address any procedural defenses raised herein either *in seriatum* fashion in multiple successive motions to dismiss or embedded in the answer. Procedural defenses omitted from such motion to dismiss will be subject to potential waiver.

2. Respondents should not file a response in this case that consolidates their procedural defenses, if any, with their response on the merits, except pursuant to 28 U.S.C. § 2254(b)(2) as to any unexhausted claims clearly lacking merit. If respondents do seek dismissal of unexhausted claims under § 2254(b)(2): (a) they should do so within the single motion to dismiss not in the answer; and (b) they should specifically direct their argument to the standard for dismissal under § 2254(b)(2) set forth in *Cassett v. Stewart*, 406 F.3d 614, 623-24 (9th Cir. 2005). In short, no procedural defenses, including exhaustion, should be included with the merits in an answer. All procedural defenses, including exhaustion, instead must be raised by motion to dismiss.

3. In any answer filed on the merits, respondents must specifically cite to and address the applicable state-court written decision and state court record materials, if any, regarding each claim within the response as to that claim; and

4.  Respondents must file a set of state-court exhibits relevant to the response filed to the petition. Those exhibits must be filed chronologically and be accompanied by a separate index of exhibits identifying the exhibits by number. The CM/ECF attachments that are filed further must be identified by the number or numbers of the exhibits in the attachment. The purpose of this provision is to allow the court and any reviewing court thereafter to quickly determine from the face of the electronic docket sheet which numbered exhibits are filed in which attachments.

IT IS FURTHER ORDERED that the parties must send courtesy copies of **responsive pleadings or motions, and all INDICES OF EXHIBITS ONLY** to the Reno Division of this court. Courtesy copies must be mailed to the Clerk of Court, 400 S. Virginia St., Reno, NV, 89501, and directed to the attention of "Staff Attorney" on the outside of the mailing address label. **No further courtesy copies are required unless and until requested by the court**.

Dated: October 13, 2021

_____
U.S. District Judge Jennifer A. Dorsey