# UNITED STATES DISTRICT COURT

## DISTRICT OF NEVADA

Patrick Edward Wilcock,

    Petitioner

v.

Jo Gentry, et. al.,

    Respondents

Case No.: 2:17-cv-02101-JAD-VCF

**Order Granting in Part and Denying in Part Respondents' Motion to Dismiss**

[ECF No. 70]

Counseled Nevada inmate Patrick Edward Wilcock petitions for a writ of habeas corpus under 28 U.S.C. § 2254, asserting several constitutional violations, including that he was denied a speedy trial; the prosecution suppressed favorable, material evidence, preventing him from adequately confronting a key government witness; the court erred in admitting that witness's testimony; and his trial counsel was ineffective.[1]  Respondents move to dismiss Wilcock's claims as untimely, unexhausted, procedurally defaulted, or noncognizable on federal habeas review.  I find that Wilcock's ineffective-assistance-of-counsel claim in ground 3 is untimely and that his Fifth Sixth, and Fourteenth Amendment violation claims in ground 4 are noncognizable in federal habeas, so I dismiss those claims.  I also find that Wilcock's *Brady* claims in grounds 1 and 2 are not procedurally barred from federal habeas review and will be considered on their merits.[2]  So Wilcock's petition proceeds to merits review on all but grounds 3 and 4, and the respondents have until May 21, 2023, to file their answer.

---

[1] ECF No. 46.

[2] Wilcock also argues that his Fifth, Sixth, and Fourteenth Amendment rights were violated due to cumulative error.  ECF No. 46 at 44–45.  The parties both mention this claim but seem to agree that it is only exhausted to the extent that the underlying grounds are exhausted.  ECF No. 70 at 4, ECF No. 77 at 10.  I similarly hold.

**Background**

In 2012 a state-court jury convicted Wilcock of murder with a deadly weapon, along with multiple counts of burglary, robbery, and possession of stolen property.[3]  In February of that year, the fire department had responded to a fire at James LaCella's home.[4]  Investigation revealed that LaCella had been killed by a small caliber gunshot to the head and had been dead for three to five days before the fire.  Wilcock was discovered pawning LaCella's property.[5]  The state district court sentenced Wilcock to terms that amount to 44 years to life in prison.[6] Judgment of conviction was filed on February 28, 2013,[7] and the Supreme Court of Nevada affirmed.[8]  The Nevada Court of Appeals affirmed the denial of Wilcock's state postconviction petition in February 2017.[9]

Wilcock dispatched his federal petition in July 2017[10] and moved for counsel.  I granted the motion and appointed the Federal Public Defender (FPD).[11]  In May 2019, Wilcock moved to stay this case while he pursued *Brady* claims in state court related to the State's alleged suppression of favorable and material evidence.[12]  I granted the stay[13] and later reopened the

---

[3] ECF No. 65-4, Exh. 122. Respondents' exhibits referenced in this order are found at ECF Nos. 54-69. Petitioner's exhibits ("Pet. Exh.") referenced in this order are found at ECF Nos. 13, 29.

[4] *See* ECF No. 68-21, Exh. 189 at 11.

[5] ECF No. 46 at 2.

[6] ECF No. 13-1, Pet. Exh. 1.

[7] *Id.*

[8] ECF No. 13-5, Pet. Exh. 5.

[9] ECF No. 13-16, Pet. Exh. 16.

[10] ECF No. 1-1.

[11] ECF No. 7.

[12] ECF No. 30.

[13] ECF No. 32.

case in October 2021, and the FPD filed a counseled third-amended petition that contains six claims:

1.    Wilcock's right to due process and a fair trial under the Fifth, Sixth, and Fourteenth Amendments to the United States Constitution were violated when the State suppressed favorable and material evidence;

2.    Wilcock was denied an adequate opportunity to confront the State's key witness against him due to the State's suppression of favorable and material evidence;

3.    Wilcock was denied his right to effective assistance of counsel under the Sixth and Fourteenth Amendments to the United States Constitution;

4.    Wilcock was denied his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments when the district court admitted inmate Todd House's testimony;

5.    Wilcock was denied his constitutional right to a speedy trial under the Fifth, Sixth, and Fourteenth Amendments due to a lengthy postponement of trial; and

6.    Wilcock was denied his constitutional rights under the Fifth, Sixth, and Fourteenth Amendments due to cumulative error.[14]

Respondents move to dismiss ground 4 as noncognizable and grounds 1, 2, and 3 as untimely, unexhausted, or procedurally defaulted.[15]  The motion is fully briefed.[16]

---

[14] ECF Nos. 40, 44, 46.

[15] ECF No. 70.

[16] *See* opposition and reply at ECF Nos. 77, 84, respectively.

**Discussion**

**I.      A claim first raised after AEDPA's one-year deadline is timely if it relates back to one asserted in a timely petition.**

Respondents argue that Wilcock's second- and third-amended petitions were filed after his limitations period expired, and because grounds 1, 2, and 3 do not relate back to his timely filed original or first-amended petition, these claims must be dismissed as untimely.[17]  A new claim in an amended petition that is filed after the expiration of the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year limitation period will be timely only if the new claim relates back to a claim in a timely filed pleading because it arises out of "the same conduct, transaction or occurrence" as a claim in the timely pleading.[18]  Habeas claims in an amended petition do not arise out of "the same conduct, transaction or occurrence" as claims in the original petition merely because the claims all challenge the same trial, conviction, or sentence.[19]  Rather, new claims relate back only if they "arise from the same core facts as the timely filed claims, and not when the new claims depend upon events separate in 'both time and type' from the originally raised episodes."[20]  In this regard, the reviewing court looks to "the existence of a common 'core of operative facts' uniting the original and newly asserted claims."[21]  Typically, a claim that merely adds "a new legal theory tied to the same operative facts as those initially alleged" will relate back and be timely.[22]

---

[17] ECF No. 70 at 2–3.

[18] *Mayle v. Felix*, 545 U.S. 644 (2005).

[19] *Id*. at 655–64.

[20] *Id*. at 657.

[21] *Id*. at 659.

[22] *Id*. at 659 n.5; *see also Ha Van Nguyen v. Curry*, 736 F.3d 1287, 1297 (9th Cir. 2013).

**A.      Grounds 1 and 2 are timely because they relate back to the original petition.**

In ground 1 of the third-amended petition, Wilcock asserts that the prosecution violated his Fifth, Sixth and Fourteenth Amendment due-process and fair-trial rights by suppressing favorable, material evidence about Todd House, the State's key witness against him.[23]  House was incarcerated with Wilcock and testified at trial that Wilcock had confided specifics about the murder and cover-up fire to him.  House testified that he had no selfish motives for appearing at trial, though the state had failed to disclose that he had multiple convictions and arrests for crimes involving dishonesty.  Wilcock had argued in a motion in limine to exclude House's testimony that House had represented himself as "an attorney who was under incarceration for criminal offense[,]" and that—because Wilcock reasonably believed House was a licensed lawyer—Wilcock sought his help and advice.  Wilcock claims that the state minimized House's prior convictions by a "very controlled direct examination."[24]  Wilcock provided a table that showed 12 cases in which House was convicted of crimes involving theft and fraud.

In ground 2 Wilcock alleges that he was denied an adequate opportunity to confront House due to the prosecution's suppression of favorable and material evidence.[25]  He contends that the prosecution failed to inform the defense that House had multiple convictions and arrests for offenses bearing on House's honesty and truthfulness, which deprived Wilcock of his constitutional right to confront his accuser.

Wilcock argues that both of these claims relate back to ground 10 of his first-amended petition.[26]  There, Wilcock asserted that his conviction violated his due-process rights because

---

[23] ECF No. 46 at 10–28.

[24] *Id*. at 14.

[25] ECF No. 46 at 28–30.

[26] ECF No. 77 at 4–5.

1 the state knew its informant-witness House was not credible and had potential mental-health

2 issues.[27]  All of these claims explicitly reference *Brady v. Maryland*[28] and *Napue v. Illinois*.[29]  I

3 view the common core of operative facts to be that the prosecution is alleged to have withheld

4 exculpatory evidence related to House and his credibility.  So grounds 1 and 2 relate back to a

5 timely filed claim and are thus timely.

6        **B.**      **Ground 3 is time-barred.**

7       In ground 3, Wilcock contends that his trial counsel rendered ineffective assistance for

8 failing to conduct an adequate investigation of House.[30]  Wilcock argues that this claim relates

9 back to the first-amended petition,[31] in which he argued that his trial counsel was ineffective for

10 failing to investigate because Wilcock never made any statements to House or anyone else about

11 a weapon alleged used.[32]  Wilcock appears to also argue that his counsel did not investigate

12 Wilcock's and his roommates' heavy drug use and the victim's repeated physical abuse of the

13 third roommate.  This almost-passing reference to investigating House in the first-amended

14 petition is insufficient for relation back.  Ground 3 is thus untimely, and I dismiss it.

15 **II.**      **Grounds 1 and 2 are not procedurally barred from federal habeas review.**

16       Respondents also argue that grounds 1 and 2 must be dismissed because they are

17 unexhausted and procedurally defaulted.[33]  Because a federal habeas petitioner incarcerated by a

18

19 ───────────────

[27] ECF No. 12 at 33–34.

20 [28] *Brady v. Maryland*, 373 U.S. 83, 87 (1963).

21 [29] *Napue v. Illinois*, 360 U.S. 264, 269 (1959).

[30] ECF No. 46 at 30–33.

22 [31] ECF No. 77 at 5–6.

[32] ECF No. 12 at 37–38.

23 [33] ECF No. 70 at 3–7.

state must give the state courts a fair opportunity to act on each of his claims before he presents

them in a federal habeas petition, federal courts will not consider his petition for habeas relief

until he has properly exhausted his available state remedies for all claims raised.[34]  A claim

remains unexhausted until the petitioner has given the highest available state court the

opportunity to consider the claim through direct appeal or state collateral-review proceedings.[35]

To properly exhaust state remedies on each claim, a habeas petitioner must "present the state

courts with the same claim he urges upon the federal court."[36]  The federal constitutional

implications of a claim, not just issues of state law, must have been raised in the state court to

achieve exhaustion.[37]  A claim is not exhausted unless the petitioner has presented to the state

court the same operative facts and legal theory upon which his federal claim is based.[38]

A procedural default occurs when a petitioner presents a claim to the state courts, but the

state courts dispose of that claim on procedural grounds instead of on its merits.[39]  A federal

court is barred from reviewing a claim for habeas corpus relief if the state-court decision

regarding that claim rested on a state-law ground that is both independent of the federal question

and adequate to support the judgment.[40]

---

[34] *See Boyd v. Thompson*, 147 F.3d 1124, 1128 (9th Cir. 1998).

[35] *O'Sullivan v. Boerckel*, 526 U.S. 838, 844–45 (1999); *Peterson v. Lampert*, 319 F.3d 1153, 1158 (9th Cir. 2003) (en banc).

[36] *Picard v. Connor*, 404 U.S. 270, 276 (1971).

[37] *Woods v. Sinclair*, 764 F.3d 1109, 1129 (9th Cir. 2014); *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (fair presentation requires both the operative facts and federal legal theory upon which a claim is based).

[38] *Bland v. California Dep't of Corrections*, 20 F.3d 1469, 1473 (9th Cir. 1994).

[39] *Coleman v. Thompson*, 501 U.S. 722, 730–31 (1991).

[40] *Id.*

In grounds 1 and 2, Wilcock argues that the prosecution suppressed favorable, material evidence about witness Todd House (ground 1), which denied him an adequate opportunity to confront this witness (ground 2).[41]  Wilcock returned to state court to present these claims in a second state postconviction petition in 2019.[42]  But a claim is fairly presented only when submitted in a procedurally proper manner to state court,[43] and Wilcock concedes that his second state postconviction petition was dismissed as procedurally defaulted.[44]

Respondents argue that both grounds are now procedurally barred from federal review because the Nevada Court of Appeals denied these claims based on Nevada procedural-default rules proscribing review of the claims because they were untimely and the petition was successive and constituted an abuse of the writ because Wilcock raised new claims from his previous petition.[45]  The Ninth Circuit Court of Appeals has held that, at least in non-capital cases, application of these procedural bars are independent and adequate state grounds.[46] Therefore, the appellate court's determination that federal grounds 1 and 2 were procedurally barred under Nevada Revised Statutes (NRS) 34.726(1), 34.810(1)(b)(2), and 34.810(2) generally are independent and adequate grounds to affirm the denial of the claims in the state petition.

---

[41] ECF No. 46 at 10–30.

[42] ECF No. 68-1, Exh. 169.

[43] 28 U.S.C. § 2254(b)(A).

[44] ECF No. 46 at 8–9, Exh. 193.

[45] ECF No. 70 at 5–7; Exh. 193 at 2-3, citing NRS 34.726(1); NRS 34.810(1)(b)(2); NRS 34.810(2).

[46] *Vang v. Nevada*, 329 F.3d 1069, 1073–75 (9th Cir. 2003); *see also Bargas v. Burns*, 179 F.3d 1207, 1210–12 (9th Cir. 1999).

1    But Wilcock argues that the state appellate court did not rely on independent and

2    adequate state-law grounds when it deemed these claims procedurally defaulted.  Federal habeas

3    review is not barred if the state decision fairly appears to rest primarily on federal law, or to be

4    interwoven with the federal law.  For example, in *Cooper v. Neven*,[47] the Ninth Circuit

5    concluded that the application of Nevada's timeliness and successiveness bars to petitioner's

6    *Brady*[48] claims was not "independent" because "the Nevada Supreme Court explicitly relied on

7    its federal *Brady* analysis as controlling the outcome of its state procedural default analysis."[49]

8    The court reasoned that, "[u]nlike other cases" in which "discussion of the merits of a claim

9    occurs simply to determine whether the claim could have been raised earlier, here the claim is

10   itself the justification for the default."[50]

11    When the Nevada Court of Appeals held that Wilcock's petition was procedurally barred,

12   it considered whether the alleged *Brady* violation demonstrated cause and prejudice to excuse the

13   default.[51]  As in *Cooper*, the court observed that "[g]ood cause and prejudice parallel the second

14   and third *Brady* components; in other words, proving that the [s]tate withheld the evidence

15   generally establishes cause, and proving that the withheld evidence was material establishes

16   prejudice."[52]  Thus, the state appellate court considered the merits of Wilcock's *Brady* claim, and

17

18

19

---

20   [47] *Cooper v. Neven*, 641 F.3d 322, 332 (9th Cir. 2011).

21   [48] *Brady v. Maryland*, 373 U.S. 83 (1963).

22   [49] *Cooper*, 641 F.3d at 332.

     [50] *Id*. at 333.

23   [51] ECF No. 69-4, Exh. 193.

     [52] *Id*. at 4, quoting *State v. Bennett*, 81 P.3d 1, 8 (Nev. 2003).

1   that decision was not based on an independent and adequate state ground.  So this court is not

2   precluded from considering the merits of grounds 1 and 2.[53]

3   **III.      Ground 4 is not cognizable on federal habeas review.**

4          Finally, respondents argue that ground 4 is non-cognizable in federal habeas law and

5   must be dismissed.  Such an argument is based on the narrow nature of the federal court's power

6   to provide habeas relief.  A state prisoner is entitled to federal habeas relief only if he is being

7   held in custody in violation of the constitution, laws, or treaties of the United States.[54]  Unless an

8   issue of federal constitutional or statutory law is implicated by the facts presented, the claim is

9   not cognizable under federal habeas corpus.[55]  A petitioner may not transform a state-law issue

10  into a federal one merely by asserting a violation of due process.[56]  Alleged errors in the

11  interpretation or application of state law do not warrant habeas relief.[57]

12         Wilcock claims in ground 4 that the trial court violated his Fifth, Sixth, and Fourteenth

13  Amendment due-process and equal-protection rights, as well as his rights to a fair trial and to

14  counsel, when it admitted Todd House's testimony.[58]  Wilcock insists that he reasonably

15  believed House, with whom he was incarcerated, was a licensed lawyer, and he sought House's

16  help and advice.  He argues that the trial court should have suppressed his statements as

17

---

18  [53] Respondents also argue that this alleged *Brady* violation cannot establish cause and prejudice
    to excuse the default of federal ground 2 because it raises a Confrontation Clause issue.
19  However, both grounds 1 and 2 are claims based on alleged *Brady* violations, and I decline to
    dismiss either ground as procedurally defaulted at this stage.  Instead, I will address these claims
20  and any excuse for a procedural default when I consider the merits of the petition.

21  [54] 28 U.S.C. § 2254(a).

    [55] *Estelle v. McGuire*, 502 U.S. 62, 68 (1991).
22
    [56] *Langford v. Day*, 110 F.3d 1380, 1381 (9th Cir. 1996).

23  [57] *Hubbart v. Knapp*, 379 F.3d 773, 779–80 (9th Cir. 2004).

    [58] ECF No. 46 at 33–38.

privileged communications.  Wilcock filed a motion in limine to exclude House's testimony as privileged; the trial court held a hearing and denied that motion.[59]  Respondents argue that this is solely an issue of state law and point out that when the Nevada Court of Appeals rejected this claim on direct appeal, it found that the state statutory privilege did not extend to Wilcock's conversations with House.[60]  I find that this is purely a state-law evidentiary matter, and this court is precluded from granting relief based on a perceived error of state law.[61]  So I dismiss ground 4 as not cognizable on federal habeas review.

## Conclusion

IT IS THEREFORE ORDERED that respondents' motion to dismiss **[ECF No. 70] is GRANTED in part and DENIED in part**:

- Ground 3 is DISMISSED as untimely.

- Ground 4 is DISMISSED as noncognizable.

- Grounds 1 and 2 will be considered on their merits.

IT IS FURTHER ORDERED that **respondents have until May 21, 2023, to file an answer** to petitioner's remaining grounds for relief.  The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254. Petitioner will then have 30 days from the date of service of respondents' answer to file a reply.

_____
U.S. District Judge Jennifer A. Dorsey
March 22, 2023

---

[59] Exhs. 86, 88.

[60] *See* ECF No. 13-5, Pet. Exh. 5.

[61] *Pulley v. Harris*, 465 U.S. 37, 41 (1989).